WOODROW COURT, INC., Landlord, *v.* HAMPAR O. AMBROOKIAN, Tenant.

(Municipal Court of the City of New York, Borough of Manhattan, Seventh District, November, 1920.)

Statutes — Laws of 1920, chap. 942 — landlord and tenant — lease — motions and orders — evidence — summary proceedings — when motion for a new trial denied — Code Civ. Pro. § 2231 (1-A).

The statute (Laws of 1920, chapter 942) which added subdivision 1-A to section 2231 of the Code of Civil Procedure, provides that no proceeding under subdivision 1 " shall be maintainable to recover the possession of real property * * * except * * * a proceeding to recover premises constituting a part of the building and land which has been in good faith sold to a corporation formed under a cooperative ownership plan whereof the entire stock shall be held by the stockholders in proportion to the number of rooms occupied or to be occupied by them in such building," etc. *Held*, that the very purpose of the statute was to permit a tenant out of possession to secure possession and that tenant-owners might be either in occupation or prospective. (Pp. 511, 512.)

Municipal Court of New York, November, 1920.    [Vol. 113.

In a proceeding brought under the new statute by the owner in fee of a building, representing the cooperative tenant-owners, against the holding-over tenants of the former owner, who refused to vacate for the new purchasers under a cooperative ownership plan, all questions of fact were submitted to the jury. Upon denying a motion to set aside the verdict, *held,* that the right to maintain the proceeding was not limited to organizations of tenants who had formed a cooperative ownership corporation for their own benefit. (P. 512.)

It is not essential that a stockholder should be in physical possession of his stock certificate, and a contention that because certain of the certificates were still in the stock book some of the tenant-owners were not stockholders, was without force. (Pp. 512, 513.)

Where the proof on behalf of the tenant showed that all the stock representing sixty-nine rooms in the building, which the former owner had taken over for the purposes of the organization, was transferred to the tenant-owners who after the transfer of the building to the present landlord purchased their apartments and were approved by the cooperative organization, the jury were justified in finding that the organization was properly perfected under the statute, though the former owner of the building, at the commencement of the present proceedings, did not appear to be a stockholder. (P. 513.)

It was not the legislative intent to limit the formation of cooperative organization of tenants to those whose plans had been effected prior to September 27, 1920, when the new statute went into effect. (Pp. 513, 514.)

It having been shown that one of the cooperative owners had purchased an apartment and paid his money under the general plan, a finding that he was a lessee was justified even though his written lease had not been executed. (P. 514.)

The lease which was for a term of eight years contained a covenant on the part of the landlord which did not provide for a perpetual lease, but the proof was sufficient to warrant the jury in finding that the stockholders in good faith intended the apartments for their "personal, exclusive and permanent occupancy" as provided by subdivision 1-A of section 2231 of the Code of Civil Procedure, and a motion for a new trial will be denied. (Pp. 514, 515.)

MOTION to set aside verdict and for a new trial.

Philip V. Brown and Joseph Wheless (David L. Podell, of counsel), for landlord.

Joseph Levy (Edmund L. Mooney, of counsel), for tenant.

LAUER, J. This proceeding and the others which under stipulation abide the result of this one, were brought under the provisions of one of the new so-called housing laws passed at the special session of the legislature known as chapter 942 of the Laws of 1920. The landlord is the owner in fee of the building and represents the cooperative tenant owners of the apartment building known as Woodrow Court. The tenants in these proceedings are those who were tenants of the former owner and who hold over, refusing to vacate for the new purchasers under the co-operative ownership plan. After a lengthy trial before a jury of twelve all questions of fact were submitted to the jury who found in favor of the landlord. The present motion is one to set aside the verdict of the jury. Without going into a lengthy consideration of the various points made I shall merely state the results which I have arrived at. No authorities are cited in support of the various points made by counsel in support of the motion for a new trial.

Chapter 942, which added subdivision 1-A to section 2231 of the Code of Civil Procedure, provides as follows: " A public emergency existing, no proceeding as prescribed in subdivision one of this section shall be maintainable to recover the possession of real property in a city of a population of one million or more or in a city in a county adjoining such a city, occupied for dwelling purposes, except * * * a proceeding to recover premises constituting a part of a building and land which has been in good faith sold to a corporation formed under a co-operative ownership plan whereof

the entire stock shall be held by the stockholders in proportion to the number of rooms occupied or to be occupied by them in such building and all apartments or flats therein have been leased to stockholders of such corporation for their own personal, exclusive and permanent occupancy to begin immediately upon the termination of any tenancy of the apartments or flats leased by them existing on the date when this subdivision takes effect.''

The first point made by the tenant in the present application is that the statute just quoted is intended to be limited to organizations of tenants who have formed co-operative ownership corporation for their own benefit. In other words, the claim is that only tenants in possession can form a co-operative ownership corporation. I see no justification in the wording of the statute for such a limitation. The statute provides that the entire stock shall be held by the stockholders in proportion to the number of " rooms occupied or *to be occupied by them in such building.*" There is, therefore, a clear intention that the tenant owners may be either in occupation or prospective. Were this point well taken there would be no occasion for this exception in the statute permitting summary proceedings because all tenants would be in occupation. The very purpose of this section is to permit a proceeding to enable a tenant out of possession to secure possession.

The second point urged is in reference to the provision that the " entire stock shall be held by the stockholders," it being claimed that because certain stock certificates were still in the stock book some of the tenant owners were not stockholders. There is no force in this suggestion. Even if stock certificates remain in the stock book, nevertheless those who have paid for their stock and to whom certificates have

been made out and who appear in the stock book as stockholders are as a matter of fact stockholders. It is not essential that a stockholder should be in physical possession of the certificate.

The next point is in respect to the provision of the exception quoted to the effect that the " entire stock shall be held by the stockholders in proportion to the number of rooms occupied or to be occupied by them in such building," it being claimed that because, when the corporation was organized, the owner took back stock representing 69 rooms in the building the proof failed to bring this landlord within the language of the exception. The proof on the part of the tenant, however, showed that this stock was all transferred to tenant owners who subsequent to the transfer to the landlord in this proceeding purchased their apartments and who were approved by the co-operative organization, the present landlord. The former owner who took over for the purposes of the organization the stock representing sixty-nine rooms under the evidence as it was presented on behalf of the tenants did not appear at the time of the commencement of these proceedings to be a stockholder. In any event it seems to me the jury were justified in finding the organization properly perfected under this provision of the statute.

The next point made by counsel is that all apartments or flats must have been leased to stockholders when the statute took effect, that is, September 27, 1920. I find no justification for this conclusion. I do not think that it was the intention of the legislature to limit the organization of co-operative organizations such as the plaintiff to those whose plans had been perfected prior to the enactment of the statute. It seems to me that the intention was to permit a party who had purchased a home, whether it be an entire house or whether it be only an apartment in a house to secure

33

Municipal Court of New York, November, 1920.   [Vol. 113.

possession of it irrespective of the time when he be-
came the purchaser, whether it be before or after the
enactment of the statute under consideration.   The
only limitation in this statute in this respect would
seem to be as to the date when the tenancy must com-
mence, the statute providing that it shall begin " im-
mediately upon the termination of any tenancy of the
apartments or flats leased by them existing on the date
when this subdivision takes effect."

The point is made that there was no executed lease
to one of the co-operative owners, a Mr. Geller.   While
no written lease was in evidence it seems to me that the
jury were justified in finding as a fact that he was a
lessee even though the written lease in his case had not
been executed, it having been shown that he had made
the purchase of an apartment and paid his money
under the general plan.

The point is made in regard to the form of the co-
operative leases, it being claimed on behalf of the ten-
ant that these leases fail to show that the stockholders
intended to occupy the apartments for their " perma-
nent occupancy."   The lease provided for a straight
term of eight years and then contains the following
covenant on the part of the lessor: "At the expira-
tion of said term to renew the lease of said apartment
to the lessee upon the same terms and conditions upon
which leases of their respective apartments shall be
granted to the other Stockholders of said corporation,
and the rent reserved therein to bear the same relative
proportion to the rent reserved in the renewal leases
to such other Stockholders as the rent reserved in the
present lease bears to the rents reserved in the leases
made to the other Stockholders at the present time."

It is true that this does not provide for a perpetual
lease but according to what I believe to be the proper
interpretation of the word permanent, absolute per-

petuity is not essential. *Hascall* v. *Madison University*, 8 Barb. 174, 184; *Texas & Pacific Ry. Co.* v. *Marshall*, 136 U. S. 393, 403; *Dale* v. *Irwin*, 78 Ill. 170, 181.

In the latter case the question considered was what may be regarded as a permanent abode and the court says: " Must it be held to be an abode which the party does not intend to abandon at any future time? This it seems to us would be a definition too stringent for a country whose people and characteristics are ever on a change. No man in active life, in this state, can say, wherever he may be placed, ' this is and ever shall be my permanent abode.' It would be safe to say a permanent abode, in the sense of the statute, means nothing more than a domicile, a home, which the party is at liberty to leave, as interest or whim may dictate, but without any intention to change it."

So in the present case, it seems to me that the proof was ample to have warranted the jury in finding that the stockholders intended the apartments for their " personal, exclusive and permanent occupancy."

The only other point made is one in respect to the " good faith " of the sale. This, however, was distinctly a question of fact for the jury's consideration and in my opinion there was ample proof to justify the finding of good faith in the present instance.

Entertaining these views, the motion for a new trial should be denied.

Motion denied.